UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS,<br><br>                Plaintiff,<br><br>v.<br><br>NORTHWEST DEVELOPMENT COMPANY, a California corporation d/b/a NEW WEST INVESTMENT GROUP, INC., a California corporation, et al.,<br><br>                Defendants. | Case No.: 18-CV-1731-AJB-LL<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS NEW WEST INVESTMENT GROUP, INC., GREGORY M. BROWN, SR., GREGORY M. BROWN, JR., AND ROBERT HOLLAND'S MOTION TO DISMISS FIRST AMENDED COMPLAINT;**<br><br>**(2) GRANTING DEFENDANTS BOBBI PEARSON AND OAK TREE ESCROW'S MOTION TO DISMISS FIRST AMENDED COMPLAINT;**<br><br>**(3) GRANTING DEFENDANTS GARY HALBERT, PEDRO ORSO-DELGADO, AND JEFF TAMARES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND**<br><br>**(4) GRANTING DEFENDANT CHICAGO TITLE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Doc. Nos. 19, 22, 24, 69) |

Presently before the Court are Defendants New West Investment Group, Inc., Gregory Brown, Sr., Gregory Brown, Jr., and Robert Holland's motion to dismiss first amended complaint, (Doc. No. 19), Defendants Bobbi Pearson and Oak Tree Escrow's motion to dismiss first amended complaint, (Doc. No. 22), Defendants Gary Halbert, Pedro Orso-Delgado, and Jeff Tamares' motion to dismiss Plaintiff's first amended complaint, (Doc. No. 24), and Defendant Chicago Title Company's motion to dismiss Plaintiff's first amended complaint, (Doc. No. 69). Plaintiff filed oppositions to each motion to dismiss, (Doc. Nos. 87, 88, 89, 90), and Defendants each filed a reply, (Doc. Nos. 92, 93, 94, 95). For the reasons set forth below, the Court **GRANTS** each of Defendants' motions to dismiss.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and construed as true for the limited purpose of resolving this motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

In 1998, Plaintiff was hired to design and supervise a construction project titled the El Nopal Estates II project. (Doc. No. 13 ¶¶ 40–45.) Plaintiff created and designed the project plans, which included a tentative map, development plan, and specific technical drawings. (*Id.* ¶ 45.) Plaintiff copyrighted these plans. (*Id.* ¶ 46.) In 2000, the City of Santee approved the plans and construction began thereafter. (*Id.* ¶¶ 49, 50, 52.) Plaintiff supervised the construction until 2007 when the owner/developer defaulted on the project. (*Id.* ¶¶ 53–54.)

Between 2007 and 2009, Defendants Holland and Gregory Brown, Sr. made contact with both the landowner and Defendant Josephson to express interest in buying the property. (*Id.* ¶¶ 63–78.) Around late February 2008, Defendant Holland entered into a Purchase and Sale Agreement for the property with the landowner. (*Id.*) The contract allegedly provided Oak Tree Escrow as the escrow company for the sale. (*Id.* ¶¶ 71–72.) However, it is also alleged that Chicago Title was the escrow company of record at all times relevant and was not alleged in the alternative. (*Id.* ¶ 12.)

It is alleged that another defendant foreclosed on this same property and the property was subsequently sold and conveyed. (*Id.* ¶¶ 72, 75, 76.) It was then ultimately conveyed to Defendant Gregory Brown, Jr. around January 2010. (*Id.*)

"Between March 2009 and January 2010, defendants Josephson, Knohl, OTE … acted together in the 'instrument washing' of Defective Instruments for purposes including title legitimacy." (*Id.* ¶ 87.) Plaintiff also alleges that Defendant Cal-Western Reconveyance appears to have recorded multiple corrective deeds with respect to the sale of the property. (*Id.* ¶¶ 76–79, 88–89.)

In 2010, Oak Tree Escrow received two Quitclaim Deeds for purposes of obtaining title insurance and recordation of a sale to Defendant Gregory Brown, Sr. (*Id.* ¶ 90.) The City of Santee approved plans for the project by new owners/developers that allegedly used parts of Plaintiff's design plans without his permission, a new subdivision improvement agreement between the City of Santee and the new owners/developers was approved in 2014, and construction began again in 2015. (*Id.* ¶¶ 1, 93–102, 117–120, 134–147.)

Plaintiff then filed this action in late July of 2018. (*See generally id.*) Plaintiff alleges the following claims: causes of action I and II: copyright infringement and contributory copyright infringement; causes of action III-V: three separate restatements, all for inverse condemnation; cause of action VI: failure to prevent interference with civil rights; causes of action VII-IX: contract related claims (equitable estoppel/breach of contract, bad faith, breach of implied covenant of good faith and fair dealing); cause of action X: negligent misrepresentation by municipal defendants; and cause of action XI: unjust enrichment. (*See generally id.*)

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend, unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

Given the number of claims raised by Plaintiff and that there are four separate motions to dismiss, the Court will address the arguments pertaining to each cause of action rather than address each motion to dismiss. However, it is worth noting that Plaintiff did not substantively address any of the arguments made in the motions to dismiss in his replies to each motion to dismiss. This alone is grounds for dismissal. *See Salois v. Medifast, Inc.*, No. 17CV1810-GPC (NLS), 2018 WL 1083466, at *6 (S.D. Cal. Feb. 28, 2018).

A.  Requests for Judicial Notice

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

4

### i. Defendants New West Investment Group, Gregory Brown, Sr., Gregory Brown, Jr., and Robert Holland's Request for Judicial Notice

Defendants New West Investment Group, Gregory Brown, Sr., Gregory Brown, Jr., and Robert Holland's request judicial notice of the City of Santee Final Map 15437. (*See generally* Doc. No. 19-2.) The court may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b); *see also 2150 Sigourney Jossiah-Francis Lee Association on Behalf of Pinnock v. Resort Watersports, Inc.*, No. 07-CV-207-H (CAB), 2007 WL 9776667, at *2 (S.D. Cal. June 6, 2007). Accordingly, the Court **GRANTS** Defendants New West Investment Group, Gregory Brown, Sr., Gregory Brown, Jr. and Robert Holland's request for judicial notice.

### ii. Defendants Oaktree Escrow and Bobbie Pearson's Request for Judicial Notice

Defendants Oaktree Escrow and Bobbie Pearson also request judicial notice of the City of Santee Final Map 15437. (*See generally* Doc. No. 22-2.) The court may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b); *see also 2150 Sigourney Jossiah-Francis Lee Association on Behalf of Pinnock*, 2007 WL 9776667, at *2. Accordingly, the Court **GRANTS** Defendants Oaktree Escrow and Bobbie Pearson's request for judicial notice.

### iii. Defendants Gary Halbert, Pedro Orso-Delgado, and Jeff Tamares' Request for Judicial Notice

Defendants Gary Halbert, Pedro Orso-Delgado and Jeff Tamares request the Court take judicial notice of the claims presented by Plaintiff to the City of Santee and rejection the claim. (*See generally* Doc. No. 24-2.) The Court **GRANTS** Defendants Halbert, Orso-Delgado and Tamares request. *See Elliott v. Amador Cty. Unified Sch. Dist.*, No. 12-cv-117-MCE-DAD, 2012 WL 5013288, at *7 (E.D. Cal. Oct. 17, 2012) ("Whether or not a Tort Claim has been presented to a public entity is subject to judicial notice."); *Navarro v.*

*City of Alameda*, No. 14-cv-1954-JD, 2014 WL 4744184, at *2 (N.D. Cal. Sept. 22, 2014) (the court may take judicial notice of California government-claim documents); *see also Davis v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2018 WL 1806101, at *6 (S.D. Cal. Apr. 17, 2018) (taking judicial notice of claim and rejection).

> *iv.* *Defendant Chicago Title Company's Request for Judicial Notice*

Defendant Chicago Title Company requests judicial notice of the following documents: (1) Quitclaim Deed recorded on January 22, 2010, as Document No. 2010-0032991 in the Official Records, San Diego County Recorder's Office and (2) Grant Deed recorded on January 22, 2010, as Document No. 2010-0032992, in the Official Records, San Diego County Recorder's Office. (*See generally* Doc. No. 69-2.) Courts may take judicial notice of documents recorded in the county recorder's offices and documents filed in the courts. *See Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1263 (C.D. Cal. 2010); *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1057 (C.D. Cal. 2008); *Hayes v. United States*, 461 F. Supp. 1168, 1174 (C.D. Cal. 1978). Accordingly, the Court **GRANTS** Defendant Chicago Title Company's request for judicial notice.

B. Failure to Join an Indispensable Party

Defendants contend that Plaintiff failed to join the City of Santee. Plaintiff alleges that the City of Santee is a co-conspirator in his complaint. However, Plaintiff failed to join the City of Santee to the action. The Court cannot accord complete relief in this action without the City of Santee. *See Applied Equipment Corp. v. Liton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994). Failure to join an indispensable party under Federal Rule of Civil Procedure 19 is grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7). Thus, this alone is a basis for dismissal of the entire complaint.

C. Causes of Action I and II

Plaintiff's first two causes of action are for copyright infringement and contributory copyright infringement. These are both barred by a three-year statute of limitations. 17 U.S.C. § 507(b). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World*

*Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). Here, the Quitclaim Deed and the Grant Deed were recorded in 2010. (*See generally* Doc. No. 69-2.) Plaintiff acknowledged in his first amended complaint that he was aware of the foreclosure proceedings, the NOD and NOS-2, the trustee's deed upon sale, Defendant Josephson's ownership in the property, and NWIG's subsequent ownership of the property. (*See generally* Doc. No. 13.) Accordingly, Plaintiff is "charged" with knowing about the recorded Quitclaim Deed and Grant Deed in 2010. Further, Plaintiff's allegations against Defendants Oak Tree Escrow, Bobbi Pearson, New West Investment, Gregory Brown, Sr., Gregory Brown, Jr., and Robert J. Holland date back to January 2010. Plaintiff's complaint was filed in July of 2018. Accordingly, the statute of limitations bars Plaintiff's first two causes of action.

D. Cause of Action III

Plaintiff's third cause of action for conspiracy fails as a matter of law. "Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying act." *Beck v. Prupis*, 529 U.S. 494, 501–03 (2000). As conspiracy is not a separate cause of action, this claim fails as a matter of law.

Further, this claim arises under 42 U.S.C. Section 1985(3). Plaintiff's claim under section 1985 is governed by California's two-year limitation for personal injury. *California Coal. for Families & Children, Lexevia, PC v. San Diego Cty. Bar Ass'n*, No. 13-cv-1944-CAB (BLM), 2013 WL 12184146, at *5 (S.D. Cal. Dec. 23, 2013). This claim is based on various events that occurred between 2008 and 2014. Further, even if he discovered these facts in February 2016, this claim would still be time barred. Accordingly, this claim is time barred because his complaint was filed in July 2018.

E. Causes of Action IV and V

These two claims are under the Fifth Amendment's "Taking Clause," which are claims under 42 U.S.C. Section 1983. Thus, the applicable statute of limitations period is two-years. *Bell v. California Dep't of Corr. & Rehab.*, No. 14-cv-1397-BEN-PCL, 2016 WL 8736865, at *3 (S.D. Cal. Mar. 29, 2016), *report and recommendation adopted*, No.

14-cv-1397-BEN-PCL, 2016 WL 8737572 (S.D. Cal. Apr. 29, 2016), *aff'd sub nom. Bell v. Glynn*, 696 F. App'x 249 (9th Cir. 2017). As explained above, these claims are time barred as they are based on events that occurred between 2008 and 2014.

Furthermore, Plaintiff's causes of action III-V allege inverse condemnation. "The basic issues in an adverse condemnation case are (1) whether private property was taken or damaged; (2) whether the taking or damaging was for a public use; and (3) the amount of just compensation." Miller and Starr California Real Estate § 23:1. Basis for inverse condemnation, 7 Cal. Real Est. § 23:1 (4th ed.). Generally, the plaintiff must show (1) ownership of a valuable property interest, (2) taking/damaging of that interest for a public project, and (3) causation. *See* CEB Condemnation Practice in California at 808–822 (3d Ed., Sept. 2011 Update). Here, Plaintiff has failed to allege two key aspects. First, Plaintiff has not alleged that he had any interest in the property. Second, Plaintiff has failed to allege how this "taking" was for a public use. Accordingly, causes of action III-V fail on this basis as well.

F.     Cause of Action VI

It is unclear whether Plaintiff alleges this cause of action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, or 42 U.S.C. § 1986. However, regardless of which section Plaintiff is alleging, the statute of limitations bar this claim. As explained above under 42 U.S.C. §§ 1983, 1985, the statute of limitations is two-years. Under 42 U.S.C. § 1986, the statute of limitations is one-year. 42 U.S.C. § 1986. Accordingly, as explained above, this claim is based on events that occurred between 2008 and 2014. Thus, this claim is barred based on the statute of limitations.

G.     Cause of Action VII

Actions for breach of a written contract are subject to a four-year limitations period, and equitable actions such as equitable estoppel are subject to a three-year limitations period. *See* Cal. Civ. Proc. § 337(1); § 508 Action on Written Contract., 3 Witkin, Cal. Proc. 5th Actions § 508 (2020); *see also* Cal. Civ. Proc. § 343; § 677 Action on Written Contract., 3 Witkin, Cal. Proc. 5th Actions § 677 (2020). Against Defendants Oak Tree,

8

18-CV-1731-AJB-LL

Bobbi Pearson, New West Investment, Gregory Brown, Sr., Gregory Brown, Jr., and Robert J. Holland, the latest charging allegations relate to actions taken in 2010. Accordingly, this claim is time barred against these Defendants.

Further, Defendants Orso-Delgado, Tamares, and Halbert were not parties to the contract. It is also unclear if Plaintiff, himself, was a party to the contract. Thus, this cause of action fails against Defendants Orso-Delgado, Tamares and Halbert.

H. <u>Causes of Action VIII and IX</u>

The statute of limitations for bad faith and breach of implied covenant of good faith and fair dealing is four years. Cal. Civ. Proc. §§ 337(1), 343. Against Defendants Oak Tree, Bobbi Pearson, New West Investment, Gregory Brown, Sr., Gregory Brown, Jr., and Robert J. Holland, the latest charging allegations relate to actions taken in 2010. Accordingly, these claims are time barred as to these Defendants.

As to Defendants Orso-Delgado, Tamares, and Halbert, under California law, conditions precedent to maintaining an action for damages against a government entity or a government entity employee are: (1) the timely presentation of a pre-lawsuit claim; and (2) the government entity's actual rejection of the claim or rejection by operation of law. *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012); *Williams v. Horvath*, 16 Cal. 3d 834, 838 (1976); *Shelley v. Cty. of San Joaquin*, 954 F. Supp. 2d 999, 1009 (E.D. Cal. 2013); Cal. Govt. Code, §§ 910, 912.4, 915, 945.4. Once the government entity rejects the claim, a plaintiff has six months from rejection to commence a lawsuit against the government entity or government entity employee. Cal. Govt. Code § 945.6(a)(1); *Julian v. City of San Diego*, 183 Cal. App. 3d 169, 175 (1986). "The deadline for filing a lawsuit against a public entity, as set out in the government claims statute, is a true statute of limitations defining the time in which, after a claim presented to the government has been rejected or deemed rejected, the plaintiff must file a complaint alleging a cause of action based on the facts set out in the denied claim." *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Plaintiff filed a claim with the City of Santee on June 3, 2016, and subsequently amended his claim on June 17, June 29, and August 12, 2016. (*See generally*

24-2.). The City of Santee rejected Plaintiff's claim on September 29, 2016. (*Id.*) Plaintiff thus had until March 29, 2017, to file his complaint against the City of Santee or any City of Santee employee. Plaintiff failed to do so, filing his amended complaint naming Defendants Halbert, Orso-Delgado and Tamares in 2019. (Doc. No. 13.) All of Plaintiff's state law claims are accordingly barred against Defendants Halbert, Orso-Delgado, and Tamares.

I.   Cause of Action X

The statute of limitations for negligent misrepresentation is three years. Cal. Civ. Proc. § 338(d). Against Defendants Oak Tree, Bobbi Pearson, New West Investment, Gregory Brown, Sr., Gregory Brown, Jr., and Robert J. Holland, the latest charging allegations relate to actions taken in 2010. Against Defendants Halbert, Orso-Delgado, and Tamares, a claim for negligent misrepresentation is barred as they are granted immunity as public employees. *See* Cal. Govt. Code, § 822.2.

J.   Cause of Action XI

Unjust enrichment is not a cause of action, but rather a remedy for quasi-contract causes of action. *Astana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *John v. AM Retail Grp., Inc.*, No. 17cv727-JAH (BGS), 2018 WL 1400718, at *9 (S.D. Cal. Mar. 20, 2018). Here, Plaintiff has not properly alleged a quasi-contract claim, and this is simply not a cause of action. Thus, this cause of action is dismissed.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants New West Investment Group, Inc., Gregory Brown, Sr., Gregory Brown, Jr., and Robert Holland's motion to dismiss first amended complaint, (Doc. No. 19), **GRANTS** Defendants Bobbi Pearson and Oak Tree Escrow's motion to dismiss first amended complaint, (Doc. No. 22), **GRANTS** Defendants Gary Halbert, Pedro Orso-Delgado, and Jeff Tamares' motion to dismiss Plaintiff's first amended complaint, (Doc. No. 24), and **GRANTS** Defendant Chicago Title Company's motion to dismiss Plaintiff's first amended complaint, (Doc. No. 69).

The Court finds that leave to amend would be futile, and thus **DENIES** granting additional leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (finding leave to amend need not be granted if amendment would be futile).

**IT IS SO ORDERED**.

Dated: March 24, 2020

_____
Hon. Anthony J. Battaglia
United States District Judge