UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS,<br><br>                                    Plaintiff,<br><br>v.<br><br>NORTHWEST DEVELOPMENT COMPANY, a California corporation d/b/a NEW WEST INVESTMENT GROUP, INC., a California corporation, et al.,<br><br>                                    Defendants. | Case No.: 18-cv-1731-AJB-LL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR CLARIFICATION BY DEFENDANTS STEVEN CRESWELL, SCOTT JOHNSON, MELANIE KUSH, PEDRO ORSO-DELGADO, JEFF TAMARES, GARY HALBERT AND KEITH TILL (Doc. No. 103) and**<br><br>**(2) GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL (Doc. No. 110)** |

Before the Court is a motion for clarification filed by defendants, Steven Creswell, Scott Johnson, Melanie Kush, Pedro Orso-Delgado, Jeff Tamares, Gary Halbert, and Keith Till (collectively, "municipal defendants") (Doc. No. 103), and a motion for extension of time to file a notice of appeal filed by pro se plaintiff, Brian Martins (Doc. No. 110). For the reasons set forth, the Court **GRANTS** the municipal defendants' motion for clarification and **GRANTS IN PART** Plaintiff's motion for extension of time.

### I. **MOTION FOR CLARIFICATION**

The instant motion for clarification arises from the Court's March 2020 Order, granting "Defendants Gary Halbert, Pedro Orso-Delgado, and Jeff Tamares' motion to dismiss Plaintiff's first amended complaint" without leave to amend (Doc. No. 101 at 10), and the corresponding Clerk Judgment, stating that "Defendants' Motions to Dismiss are Granted without leave to amend" (Doc. No. 102 at 1.) Although Cresswell, Johnson, Kush and Till, had joined the motion to dismiss filed by the other municipal defendants, Halbert, Orso-Delgado, Jeff Tamares, they were not explicitly named in the Court's Order or Judgment. The municipal defendants therefore request clarification on whether the Court intended for its Order and Judgment to apply equally to Cresswell, Johnson, Kush and Till. The Court answers in the affirmative.

By way of background, on April 15, 2019, Plaintiff filed his FAC, naming several defendants, including the municipal defendants. On August 1, 2019, Halbert, Orso-Delgado and Tamares moved to dismiss Plaintiff's FAC. (Doc. No. 24.) A month later, Cresswell, Johnson, Kush and Till, filed notices of joinder to the previously filed motion to dismiss. (Doc. Nos. 63, 67.) In those documents, Cresswell, Johnson, Kush and Till fully incorporated the factual and legal arguments set forth in Halbert, Orso-Delgado and Tamares' motion to dismiss because those arguments applied equally to Plaintiffs' claims against them. (Doc. Nos. 63 at 2, 5; 67 at 2, 4.)

To the extent that the Court's March 2020 Order on Halbert, Orso-Delgado and Tamares' motion to dismiss is ambiguous as to whether the conclusions therein apply with equal force to the other municipal defendants, the Court hereby clarifies that it does. Because Cresswell, Johnson, Kush and Till joined Halbert, Orso-Delgado and Tamares' motion to dismiss, the Court's Order granting the motion to dismiss, and the judgment resulting therefrom, extends to Cresswell, Johnson, Kush and Till. Accordingly, the Court **GRANTS** the municipal defendants' motion and clarifies that the March 2020 Order and

Judgment apply equally to Cresswell, Johnson, Kush and Till.[1] (Doc. No. 103.)

## II.  MOTION FOR EXTENSION OF TIME TO FILE APPEAL

Turning to the next motion, on May 4, 2020, Plaintiff filed an *ex parte* motion for a 30-day extension of time to file his notice of appeal of the Court's Order dismissing his FAC without leave to amend (Doc. No. 110.) According to Plaintiff, the reason he seeks additional time to file a notice of appeal is the public health emergency concerning COVID-19, which has caused the closing of public law libraries, upon which he depends for legal research and resources, and has limited his ability to travel.[2] (*Id.* at 2.) The only defendants to file an opposition to Plaintiff's request are New West Investment Group, Inc., Gregory M. Brown, Sr., Gregory M. Brown, Jr., Robert Holland, Bobbi Pearson, and Oak Tree Escrow (collectively, "opposing defendants"). In their response, the opposing defendants argue that (1) Plaintiff's request is untimely, (2) this court lacks authority to grant relief because the request should have been made via a noticed motion under the local rules as opposed to an *ex parte* application, (3) no good cause or excusable neglect exists, and (4) they deserve repose on Plaintiffs' allegations.

While the opposing defendants' arguments are well-taken, it is not lost on the Court that Plaintiff is a pro se litigant attempting, in good faith, to pursue his claims in the midst of a global pandemic. Considering the established principle that "[a] document filed pro se is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court declines to deny Plaintiff's request on the technical ground asserted—namely, that it should have been filed as a noticed motion instead of an *ex parte* application. Rather, the Court finds that Plaintiff's limited access to legal materials and resources due to lockdowns

---

[1] Plaintiff's opposition to the motion for clarification is untimely and does not address the issues raised by the municipal defendants. Instead, Plaintiff "proposes that Defendants 'motions to dismiss' remained [sic] granted and that the Court altered or amended [sic] the Judgment and Order to enable Plaintiff to file his Second Amended Complaint, within 14 days of such order." (Doc. No. 113 at 5.) However, as stated in the Court's Order dismissing his FAC, allowing Plaintiff leave to amend would be futile. (Doc. No. 101 at 11.)

[2] COVID-19, also known as SARS-CoV-2, is a newly discovered coronavirus infectious disease, for which the United States declared a national emergency in March 2020.

resulting from COVID-19, as well as the health and travel concerns relating thereto, amount to good cause that merits relief pursuant to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4 4(a)(4)(A)(ii) ("The district court may extend the time to file a notice of appeal if . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.")

As the opposing defendants point out, however, filing a notice to appeal generally entails little to no research. (Doc. No. 107 at 4.) And with an internet connection, Plaintiff can avail himself of the Notice of Appeal form on the Ninth Circuit website, as well as the public law library's online services for any research. (*Id.* at 4–5.) Moreover, the Court is cognizant that the time to file a notice of appeal in this case expired a number of months ago. Consequently, in the interest of fairness and to limit further delay on these proceedings, the Court allows Plaintiff a <u>two-week extension</u> from the date of this Order to file his notice of appeal. Thus, the Court **GRANTS IN PART** Plaintiff's motion for an extension. (Doc. No. 110.)

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** the municipal defendants' motion for clarification and **GRANTS IN PART** Plaintiff's motion for an extension to file a notice of appeal. (Doc. Nos. 103, 110). Accordingly, the Court clarifies that the March 2020 Order and Judgment applies to Cresswell, Johnson, Kush and Till, and that Plaintiff is permitted an extension to file a notice of appeal <u>up to and including January 22, 2021</u>. Any further discretionary requests for extensions before this Court will be denied, absent extraordinary circumstances that are detailed and specifically corroborated by documentary evidence.

**IT IS SO ORDERED**.

Dated: January 8, 2021

Hon. Anthony J. Battaglia
United States District Judge