UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS,<br><br>                                    Plaintiff,<br><br>v.<br><br>JACKIE JOSEPHSON and<br>JAY KNOHL,<br><br>                                    Defendants. | Case No.: 3:18-cv-01731-AJB-AHG<br><br>**ORDER SUA SPONTE AMENDING<br>SCHEDULING ORDER** |

This matter comes before the Court upon a review of the docket and after lengthy conferences with the parties. For the reasons set forth below, the Court *sua sponte* amends the Scheduling Order.

## I.    BACKGROUND

On May 27, 2021, the Court issued its Scheduling Order, which required any dispositive motions to be filed by February 10, 2022. ECF No. 145 at 3. Neither party filed any dispositive motions by the deadline. In its May 27, 2021, Scheduling Order, the Court also set the pretrial conference for June 23, 2022, requiring the parties to file their pretrial disclosures by May 26, 2022, and lodge their joint proposed pretrial order by June 16, 2022. *Id*. at 4. On June 2, 2022, since neither party had complied with their pretrial disclosure requirements, Judge Battaglia *sua sponte* reset the pretrial deadlines. ECF No. 152. The Court reset the pretrial conference for August 18, 2022, and required the parties to lodge their joint proposed pretrial order by August 11, 2022. *Id*. at 2.

On July 5, 2022, Plaintiff filed a motion for continuance, requesting that all pretrial deadlines, including the pretrial conference and deadline to lodge the pretrial order, be continued by 30 days. ECF No. 156 at 2–3. Defendants opposed the motion. ECF No. 157. On July 11, 2022, Judge Battaglia granted Plaintiff's motion and continued the pretrial conference to September 15, 2022, requiring that the pretrial order be lodged by September 8, 2022. ECF No. 160 at 3. The Court stressed that "there will be no further continuances granted absent exceptional circumstances buttressed by detailed documentary evidence showing why the deadlines cannot be met." *Id*. at 2.

On September 6, 2022, the parties jointly filed another motion for continuance, requesting that all pretrial deadlines, including the pretrial conference and deadline to lodge the pretrial order, be continued by 30 days. ECF No. 165. The parties represented that "the purpose of this request is to provide additional time for the parties to meet and confer in order to prepare and file the Pre-Trial Order." *Id*. at 2. On September 7, 2022, Judge Battaglia granted the parties' joint motion and continued the pretrial conference to October 13, 2022, requiring that the pretrial order be lodged by October 6, 2022. ECF No. 166. In addition to continuing the deadlines, the Court stated that "the parties are ORDERED to appear before the Magistrate Judge for preparation of the pre-trial order." *Id*. (emphasis in original); *see also* ECF No. 152 at 2 ("The Court encourages the parties

to consult with the assigned magistrate judge to resolve any problems in preparing the proposed pretrial order.").

On September 7, 2022, the undersigned set a status conference for September 28, 2022, via videoconference, regarding the preparation of the pretrial order. ECF No. 167. Before the conference, the Court had required the parties to submit their "final draft of their Joint Pretrial Order" via email by September 19, 2022. *Id.* at 2. When both parties failed to timely submit their draft, court staff reached out to both sides numerous times in an attempt to get the parties to comply, to no avail. On September 22, 2022, Plaintiff untimely submitted his portion of the pretrial order, and on September 23, 2022, Defendants untimely submitted their portions of the pretrial order. Neither portion was drafted in accordance with this district's Civil Local Rules.

On September 28, 2022, the Court held a lengthy status conference with the parties. ECF No. 168. The Court spoke at length with the parties about the preparation of the pretrial order, and drafted a template based on the Local Rules to assist the parties in completing their respective portions of the pretrial order. *See* ECF No. 172. The Court included citations to the precise Local Rule subsection for each paragraph, and included "Court instructions" of exactly what the parties needed to do, including links to the Ninth Circuit Model Jury Instructions. *Id.* The undersigned instructed the parties to complete their respective portions and set deadlines for doing so. ECF No. 170 (Plaintiff's portion due October 12, 2022, and Defendants' portion due October 19, 2022). The Court vacated the October 6, 2022, filing deadline for the pretrial order and the October 13, 2022, pretrial conference, and scheduled an in-person status conference for October 21, 2022, to review the parties' disputes regarding the pretrial order. *Id.* at 3. The parties complied with the Court's deadlines and appeared for the in-person status conference. ECF No. 173. During the lengthy in-person status conference on October 21, 2022, the Court heard oral argument from both sides, and addressed each party's position regarding each section of the pretrial order. *See* ECF No. 175.

/ /

## II.    LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); ECF No. 145 at ¶ 15 (original scheduling order, stating that "[t]he dates and times set forth herein will not be modified except for good cause shown"); *cf.* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

A formal motion to modify the schedule is not required. *See* FED. R. CIV. P. 16, advisory committee notes on 1983 amendments ("After consultation with the attorneys for the parties and any unrepresented parties—a formal motion is not necessary—the court may modify the schedule on a showing of good cause"); *see, e.g.*, *Moalem v. Int'l Spa Ass'n*, No. 2:18-cv-2341-GMN-NJK, 2020 WL 209308, at *1–2 (D. Nev. Jan. 13, 2020) (finding good cause to amend scheduling order *sua sponte* and extend deadline for filing summary judgment motions when neither party requested an extension); *Hubbard v. Thompson*, No. 2:11-cv-1568-JAM-AC-P, 2013 U.S. Dist. LEXIS 91150, at *6–7 (E.D. Cal. June 27, 2013) (referencing its "broad discretion to manage discovery" and *sua sponte* modifying the scheduling order and dispositive motion deadline); *accord Baroni v. OneWest Bank*, No. 1:12-bk-10986-MB, 2015 Bankr. LEXIS 2724, at *8–9 (Bankr. C.D. Cal. Aug. 14, 2015) (*sua sponte* amending scheduling order to permit filing of a motion for summary judgment, and collecting civil cases where courts modified scheduling orders *sua sponte*).

## III.    DISCUSSION

After two lengthy conferences with the parties (ECF Nos. 168, 173), the Court finds that the parties are unlikely to agree on a proposed pretrial order for submission to the district judge. The undersigned is prepared to make a Report and Recommendation to the district judge regarding a compromise pretrial order. However, upon due consideration, the Court also finds that before proceeding to trial in this case, good cause exists to allow Defendants to file a motion for summary judgment on all of Plaintiff's claims. *See* FED. R. CIV. P. 1 (courts should construe the Federal Rules "to secure the just, speedy, and

inexpensive determination of every action and proceeding"). Defendants' new counsel in this case entered an appearance on June 3, 2022 (ECF Nos. 152, 153), well after the February 10, 2022, dispositive motion deadline passed. Further, without making any findings on the merits, the undersigned notes that there are serious issues as to the viability of Plaintiff's copyright claims in light of the statute of limitations and the Court's order dismissing the other defendants on those grounds. *See* ECF No. 101.

The Court also notes that in Plaintiff's proposed pretrial order and during his oral argument, Plaintiff failed to articulate a basis for trial on his remaining claims. *Compare* Email to Chambers (Oct. 12, 2022, at 11:46 PM) (Plaintiff's proposed pretrial order, Plaintiff solely included "these claims [3, 6, 11] are preserved to the extent possible") *with* CivLR 16.1(f)(6)(c)(2) (requiring that the pretrial order contain a "list of the causes of action to be tried, referenced to the Complaint. For each cause of action, the order must succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint which is not listed will be dismissed with prejudice."). *See also* ECF No. 175 at 20:19–21:6 ("The Court: … on the list of causes of action to be tried, Mr. Martins, I see that you [] provided the copyright claims, that you're going to try those. For the other claims, you state, 'these claims are preserved to the extent possible.' Since I don't have any information for pretrial, I'm assuming you don't have any basis for bringing them to trial. … Mr. Martins: That's a very good question. A large amount of the claim is known as an implied conspiracy. In order to meet those elements, there has to be more than two parties involved and [] I don't view the domestic partners, Josephson and Knohl, as being two; they're basically one. And so I felt that that [] I would not be able to present that"). Thus, it would be most efficient for the Court to adjudicate these claims in whole or in part before presenting them to a jury for trial. *See Roberg v. One Day Doors & Closets, Inc.*, No. 2:21-cv-SVW-JC, 2022 WL 3452792, at *1, *4 (C.D. Cal. July 7, 2022) (cancelling trial date and ordering summary judgment briefing because, "when reviewing the parties' trial materials, the Court became concerned with the parties' lack of preparedness and the amorphous nature of Plaintiffs' claims … The parties' presentation at the [second]

conference deepened the Court's concern[,] … it became apparent that Plaintiffs' [] case was not ready for trial."); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) ("The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court"); *cf.* FED. R. CIV. P. 16(c)(2)(E) (one of the issues to be considered at a pretrial conference is "determining the appropriateness and timing of summary adjudication under Rule 56").

Therefore, good cause appearing, the Court modifies the scheduling order *sua sponte* to allow Defendants to file a motion for summary judgment on all of Plaintiff's claims before proceeding to trial in this case. *See, e.g.*, *Breakman v. Stubbs*, No. 3:10-cv-487-WGC, 2012 WL 1588293, at *5 (D. Nev. May 3, 2012) ("the dispositive motion deadline set forth in the Scheduling Order has long since passed [], and Defendant did not timely seek to modify the Scheduling Order with respect to an extension of the dispositive motion deadline. [] However, the court recognizes that '[t]he purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.' [] … [I]t appears that a trial with respect to the retaliation claim is indeed unnecessary. Accordingly, the court will sua sponte modify the Scheduling Order to allow the late filing of [the summary judgment] motion") (internal citations omitted); *accord Baroni*, 2015 Bankr. LEXIS 2724, at *8–12 (*sua sponte* amending scheduling order to permit the filing of a summary judgment motion regarding a counterclaim instead of proceeding to trial, because the previous court order on the summary judgment motion regarding the complaint was indicative of the likely outcome of the motion regarding the counterclaim, noting that "summary judgment is a particularly important tool for the avoidance of unnecessary trials when no genuine issues of material fact have been raised.") (internal quotations omitted).

## IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1.     Defendants must file their motion for summary judgment no later than **December 12, 2022**.

2.      Plaintiff must file his opposition[1] no later than **<u>January 9, 2023</u>**.

3.      Defendants may file their reply no later than **<u>January 19, 2023</u>**.

4.      A hearing on Defendants' motion for summary judgment will be set for **<u>January 30, 2023</u>** before the **Honorable Anthony J. Battaglia**. Upon completion of the briefing, Judge Battaglia will issue a Minute Order either (a) confirming the hearing and setting a time, or (b) vacating the hearing and taking the matter under submission pursuant to CivLR 7.1(d)(1).

5.      After Judge Battaglia rules on Defendant's motion for summary judgment, if triable claims remain, the undersigned will reset the pretrial conference and will issue a Report and Recommendation for a compromise pretrial order.

**IT IS SO ORDERED.**

Dated:  November 13, 2022

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Rule 56 explains what a party must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine dispute as to any material fact—that is, if there is no real dispute about any fact that would affect the outcome of the case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end the case. When a defendant makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), the plaintiff cannot simply rely on what the complaint says. Instead, the plaintiff must set out specific facts in affidavits or declarations, depositions, admissions, interrogatory answers, or other authenticated documents, as provided by Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that a material fact is genuinely disputed and requires trial. If a plaintiff does not submit his or its own evidence in opposition, summary judgment, if appropriate, may be entered against the plaintiff. If summary judgment is granted, the case will be dismissed and there will be no trial. *See cf. Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).