UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JACKIE JOSEPHSON and<br>JAY KNOHL,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-01731-AJB-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. No. 179)** |

Before the Court is Jackie Josephson ("Josephson") and Jay Knohl's ("Knohl") (collectively, "Defendants") motion for summary judgment. (Doc. No. 179.) Brian Martins ("Plaintiff"), proceeding pro se, filed an opposition to which Defendants replied. (Doc. Nos. 184, 185.) For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I.   BACKGROUND

Plaintiff filed the instant action on July 27, 2018. (Doc. No. 1.) The operative complaint is the First Amended Complaint ("FAC"). (Doc. No. 13.) According to the FAC, Plaintiff was hired in 1998 to design and supervise a construction project titled the El Nopal Estates II project. (Doc. No. 13, FAC at ¶¶ 40–45.) Plaintiff created and designed the project plans, which included a tentative map, development plan, and specific technical

drawings (collectively, "Plans"). (*Id.* at ¶ 45.) Plaintiff copyrighted these Plans. (*Id.* at ¶ 46.) In 2000, the City of Santee approved the Plans and construction began thereafter. (*Id.* at ¶¶ 49, 50, 52.) Plaintiff supervised the construction until 2007 when the owner/developer defaulted on the project. (*Id.* at ¶¶ 53–54.)

The FAC describes Defendants as domestic and business partners. (*Id.* at ¶¶ 9, 10.) Josephson is a hard-money lender, and Knohl is a private investor. (*Id.* at ¶ 9, 10.) Plaintiff claims that Josephson "wrongfully recorded a statutory notice of default against the project" which resulted in the project being ceased and the property being subject to an involuntary transfer. (*Id.* at ¶¶ 53–54.) According to Plaintiff, between April 2008 and January 2010, Josephson fraudulently acquired title to the property, sold it to Knohl's company, Murray Investments, Inc., which reconveyed the property to Josephson, who then sold the property to a development company and investment group Plaintiff collectively refers to as NWIG.[1] (*Id.* at ¶ 134.)

In February 2010, the City approved NWIG's plans for the project, which allegedly used parts of Plaintiff's design plans without his permission. (*Id.* at ¶ 93.) In 2014, a new subdivision improvement agreement between the City and NWIG was approved. (*Id.* at ¶¶ 117–120.) Prior to the approval, the City sent Plaintiff an "Assignment and Novation Agreement," which Plaintiff and the founder and head of NWIG, Gregory Brown, Sr. ("Brown"), discussed. (*Id.* at ¶¶ 107–108.) Plaintiff insisted Brown pay him to use his Plans, but Brown declined to pay the price Plaintiff wanted. (*Id.* at ¶ 108.) Construction began in 2015. (*Id.* at ¶ 136.)

Plaintiff alleges that in February 2016, the City Planner informed him that his plans were being used by NWIG. (*Id.* at ¶ 98.) Plaintiff filed suit against Josephson, Knohl, and several other defendants in July 2018. (Doc. No. 1.)

On April 15, 2019, Plaintiff filed a FAC, alleging the following claims: causes of

---

[1] According to the FAC, "NWIG" refers to "Northwest Development Company, Inc., also doing business as New West Investment Group, Inc." (Doc. No. 13 at 2.)

action I and II: copyright infringement and contributory copyright infringement; causes of action III-V: three separate restatements, all for inverse condemnation; cause of action VI: failure to prevent interference with civil rights; causes of action VII-IX: contract related claims (equitable estoppel/breach of contract, bad faith, breach of implied covenant of good faith and fair dealing); cause of action X: negligent misrepresentation; and cause of action XI: unjust enrichment. (Doc. No. 13.)

On July 30, 2019, Josephson and Knohl filed an Answer to the FAC. (Doc. No. 18.) Other defendants filed either a motion to dismiss or a notice of joinder to the motion to dismiss, which the Court granted. (Doc. Nos. 101, 125.) On May 11, 2021, the Court denied Josephson and Knohl's motion for clarification as to whether the dismissal order applied to them, explaining that the dismissal did not apply to them because they had filed an Answer to Plaintiff's FAC. (Doc. No. 141.)

The parties' fact and expert discovery deadlines passed in December 2021. (Doc. No. 145.) Their dispositive motions deadline passed in February 2022. (*Id.*) No such motion was filed. The parties thereafter failed to comply with their pre-trial disclosure requirements. (Doc. No. 152.) The Court reset the deadlines and instructed the parties to consult with the assigned magistrate judge to resolve any problems in preparing the proposed pretrial order. (*Id.*)

Upon review of the docket and after lengthy conferences and attempts at assisting the parties with a proposed pre-trial order, the Magistrate Judge *sua sponte* modified the scheduling order to allow Defendants to file a motion for summary judgment on all of Plaintiff's claims before proceeding to trial in this case. (Doc. No. 177.) The instant motion for summary judgment follows. (Doc. No. 178.)

**II.   LEGAL STANDARD**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement

to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.*; *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). Further, if the non-moving party's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2005).

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file," show that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 324. The opposing party cannot rest solely on conclusory allegations of fact or law to avoid summary judgment. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the non-movant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. "The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

---

[2] Internal quotations, citations, and alterations are omitted from the cases cited in this Order unless otherwise indicated.

## III. DISCUSSION

Defendants argue they are entitled to summary judgment because Plaintiff has not marshalled evidence to establish a genuine issue of material fact on any of his claims. (Doc. No. 178.) Plaintiff makes clear he opposes Defendants' summary judgment motion only as to Claims I and II (copyright infringement), Claim III (conspiracy to deprive civil rights), Claim IX (breach of implied covenant of good faith and fair dealing), and Claim XI (unjust enrichment). (Doc. No. 184 at 10–11.) As Plaintiff expressly states that Claims IV, V, VI, VII, VIII, and X are either abandoned or not directed at Defendants, (*id.* at 2, 10–11), the Court **GRANTS** Defendants' motion for summary judgment as to those claims.

Accordingly, the Court considers whether there are genuine issues of material fact as to the remaining claims.

### A. Claims I and II – Copyright Claims

Plaintiff's first two causes of action are for copyright infringement and contributory copyright infringement. Defendants are entitled to summary judgment on these claims because, as discussed below, they are barred by the statute of limitations, and Plaintiff has not presented evidence to establish infringement.

#### 1. Statute of Limitations

Claims under the Copyright Act are governed by a three-year statute of limitations. *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). This is known as the "discovery rule." *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1237 (9th Cir. 2022). Under the discovery rule, the three-year limitations period runs from the date when the copyright holder knew, or with due diligence should have discovered the infringement. *Id.* at 1242, 1244.

To begin, the Court notes that while Plaintiff's opposition to the summary judgment motion attempts to set forth a specific theory of liability for contributory copyright infringement against Defendants Josephson and Knohl in this case, these allegations were not raised in the FAC. This shortcoming subjects these claims to dismissal. "Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).

In any event, the FAC on its face makes plain that the statute of limitations has run on the copyright claims because Plaintiff, with due diligence, should have discovered the infringement in 2010 at the earliest, and in 2014, at the latest. In 2010, Plaintiff knew the property transferred ownership, and the City had approved the NWIG's plans for the project. (Doc. No. 13 at ¶ 93.) The change in ownership, and the City's approval of new project plans should have triggered an investigation by Plaintiff to determine whether his original Plans were being infringed upon.

Moreover, in August or September 2014, Plaintiff discussed a potential assignment agreement with Brown, during which Brown declined to pay Plaintiff the price he wanted NWIG to pay to use his Plans. (*Id.* at ¶¶ 107–109, 113.) And in November 2014, the City approved a new subdivision improvement agreement between the City and NWIG. (*Id.* at ¶¶ 117–120.) Considering Plaintiff's involvement in the project and interest in its development, these series of events put Plaintiff on inquiry notice of a potential infringement of his Plans. *See generally Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 45 (1st Cir. 2008) ("The familiar aphorism teaches that where there is smoke there is fire; but smoke, or something tantamount to it, is necessary to put a person on inquiry notice that a fire has started.") Thus, at the latest, accrual of the copyright claims began in November 2014.

Despite being put on inquiry notice in 2014, Plaintiff did not file suit until July 2018—more than three years after accrual of the alleged infringement. Plaintiff claims that he did not learn of the infringement until 2016, when a City employee told him that NWIG and Brown used his Plan to complete the development. Plaintiff, however, provides no

evidence of this claim. The claim appears only in his FAC, not in any sworn document or declaration. *See Celotex*, 477 U.S. at 324 (a nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file," show that a genuine issue of disputed fact remains). The Court thus finds Plaintiff has not shown a genuine issue of disputed fact remains as to the running of the statute of limitations in this case.

### 2.     No Evidence of Infringement

A copyright infringement claim "may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). To determine whether two works are substantially similar, the Ninth Circuit employs a two-part analysis: an extrinsic test and an intrinsic test. *Id.* On summary judgment, a court applies only the extrinsic test—an objective comparison of specific expressive elements to determine whether the two works are substantially similar. *Id.* at 822, 824. "[T]he extrinsic test requires that the plaintiff identify concrete elements based on objective criteria." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). The test "often requires analytical dissection of a work and expert testimony." *Id.*

As an initial matter, Plaintiff has not identified any "concrete elements based on objective criteria" to meet the extrinsic test. *See Three Boys*, 212 F.3d at 485. This alone subjects his claims to dismissal. *See id.* Nonetheless, Plaintiff contends he can satisfy the extrinsic test because during a February 2008 City Council meeting on NWIG's proposed plans, the staff members' presentation and documents "included analytical dissection of the derivative works and expert testimony by professionals," and the City Council approved NWIG's proposal "as being substantially similar to Plaintiff's approved plans." (Doc. No. 184 at 12.) Plaintiff, however, cites no exhibit in support of his assertions, and

there is no document dated February 2008 in his exhibit list. (*Id.* at 17–20.) "[C]onclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment." *Hernandez*, 343 F.3d at 1116.

The Court notes there is a February 2010 document listed in the exhibit list, but even if Plaintiff intended to cite to this exhibit, it is unavailing. The document does not contain any analytical dissection or expert testimony for purposes of the extrinsic test, nor does it contain a conclusion that NWIG's proposed plans are substantially similar to Plaintiff's Plans. (*Id.* at 114–116.) *See Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) ("Analytical dissection requires breaking the works down into their constituent elements, and comparing those elements for proof of copying as measured by substantial similarity."). The Court therefore finds that Plaintiff has failed to present evidence sufficient to create a genuine issue of material fact as to substantial similarity. *See Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) ("If the plaintiff "cannot present evidence that would permit a trier of fact to find that he satisfied the extrinsic test, he necessarily loses on summary judgment because a 'jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests.'").

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiff's copyright claims.

### B. Claim III – Conspiracy to Deprive Civil Rights

42 U.S.C. § 1985 proscribes "conspiracies to interfere with certain civil rights." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); 42 U.S.C. § 1985(3). "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). There being no underlying cognizable § 1983 claim in this action, Plaintiff's claim for conspiracy to 1985 claim necessarily fails as a matter of law. *See id.*

Moreover, Plaintiff's § 1985 claim is governed by California's two-year limitation for personal injury. *See California Coal. for Fams. & Child., Lexevia, PC v. San Diego*

*Cnty. Bar Ass'n*, No. 13-CV-1944-CAB (BLM), 2013 WL 12184146, at *5 (S.D. Cal. Dec. 23, 2013). Even assuming Plaintiff did not discover facts about the alleged conspiracy until February 2016, this claim is time-barred because he filed his complaint more than two years later in July 2018. *See id.*

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiff's § 1985 conspiracy claim.

### C. Claim IX – Breach of Implied Covenant of Good Faith and Fair Dealing

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in a contract." *Smith v. City & Cnty. of San Francisco*, 225 Cal. App. 3d 38, 40 (1990). Plaintiff has not presented evidence of a contract between him and Defendants that would give rise to an implied duty of good faith and fair dealing. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiff's claim for breach of implied covenant of good faith and fair dealing.

### D. Claim XI – Unjust Enrichment

"To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016).

Plaintiff appears to argue in his opposition brief that Defendants are liable for unjust enrichment because they "used the Cash Security posted by Plaintiff from April 2008 until January 2010, without authorization and for free or any paid interest." (Doc. No. 184 at 11.) This specific claim against Defendants, however, appears nowhere in the FAC, and Plaintiff "may not effectively amend [his] Complaint by raising a new theory . . . in [his] response to a motion for summary judgment." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). Additionally, Plaintiff points to no evidence to show that Defendants were unjustly enriched at his expense.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiff's claim for unjust enrichment.

## IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' motion for summary judgment. (Doc. No. 179.) The Clerk of Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  September 26, 2023

Hon. Anthony J. Battaglia
United States District Judge