UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS,<br><br>        Plaintiff,<br><br>v.<br><br>NEW WEST FINANCIAL CO.; KOERNER-MAGEE CONSULTING ENGINEERS; NORTHWEST DEVELOPMENT COMPANY; CAL-WESTERN RECONVEYANCE CORP; ANTHONY CARNEVALE; and DOES 1-10,<br>        Defendants. | Case No.: 18-cv-01731-AJB-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANTS WITH PREJUDICE FOR LACK OF PROSECUTION FOLLOWING THE OCTOBER 12, 2023, NOTICED HEARING AND**<br><br>**(2) CLOSING CASE** |

  As explained on the record during the October 12, 2023 noticed hearing and set forth herein, the Court **DISMISSES WITH PREJUDICE** Defendants New West Financial Co., Koerner-Magee Consulting Engineers, Northwest Development Company, Cal Western Reconveyance Corp, Anthony Carnevale, and Does 1-10, for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

  For additional context, the Court memorializes below the relevant timeline with respect to Plaintiff Brian Martins' ("Plaintiff") prosecution of this case.

## I. THE COMPLAINT

Plaintiff filed suit in 2018. Then, on April 15, 2019, he filed a First Amended Complaint ("FAC"), the operative complaint, naming twenty-one defendants. (Doc. No. 13.) Upon Plaintiff's request for additional time to serve the defendants, the Court granted Plaintiff up to and including August 30, 2019 to effectuate service. (Doc. Nos. 14, 17.) Over the last several years, the Court has dismissed sixteen of the twenty-one defendants identified in the FAC pursuant to Orders on motions to dismiss, a motion for clarification, and motion for summary judgment.

## II. PREVIOUSLY DISMISSED DEFENDANTS

On March 30, 2020, the Court granted motions to dismiss and dismissed without leave to amend Plaintiff's claims against the below defendants. (Doc. No. 101.)

| | | | | |
|---|---|---|---|---|
| 1. | New West Investment Group | 6. | Oak Tree Escrow |
| 2. | Gregory M. Brown, Sr. | 7. | Gary Halbert |
| 3. | Gregory Brown, Jr. | 8. | Pedro Orso-Delgado |
| 4. | Robert J. Holland | 9. | Jeff Tamares |
| 5. | Bobbi Pearson | 10. | Chicago Title Co. |

On January 8, 2021, the Court granted a motion for clarification by the below defendants, explaining that its prior order on the motion to dismiss extends to them because they had filed an appropriate notice of joinder to the motion to dismiss. (Doc. No. 125.)

| | | | | |
|---|---|---|---|---|
| 11. | Steven Cresswell | 13. | Melanie Kush |
| 12. | Scott Johnson | 14. | Keith Till |

On September 26, 2023, the Court granted the below defendants' motion for summary judgment. (Doc. No. 188.)

| | | | | |
|---|---|---|---|---|
| 15. | Jackie Josephson | 16. | Jay Knohl |

## III. REMAINING DEFENDANTS

On September 27, 2023, after a review of the case docket revealed no activity with respect to the five remaining (and non-appearing) defendants in this action—New West Financial Co., Koerner-Magee Consulting Engineers, Northwest Development Company,

1  Cal Western Reconveyance Corp, and Anthony Carnevale—the Court issued a Notice of
2  Hearing regarding their dismissal for want of prosecution. (Doc. No. 190.) The notice
3  informed Plaintiff of the October 12, 2023 hearing date and warned him that failure to
4  appear at the hearing would result in dismissal of the action for failure to prosecute. (*Id.*)
5  The Court mailed the hearing notice to Plaintiff, and there is no indication that the mail
6  was returned as undeliverable or otherwise not received by Plaintiff. (*Id.*)

7  Plaintiff did not appear at the scheduled hearing. (Doc. No. 191.) Having reviewed
8  the record and recounting the foregoing procedural history on the record, the Court made
9  the following findings.

10  As to New West Financial Co., Koerner-Magee Consulting Engineers, and Anthony
11  Carnevale, the record shows no summons returned executed as to these defendants.
12  Plaintiff had until August 30, 2019 to effectuate service on these defendants. (Doc. No.
13  17.) There is no indication he did so. Plaintiff's proof of service is more than four years
14  overdue, and he failed to appear for the hearing. The Court thus found Plaintiff failed to
15  serve New West Financial Co., Koerner-Magee Consulting Engineers, and Anthony
16  Carnevale.

17  As to Northwest Development Company, Plaintiff filed proof of service on this
18  defendant, but despite this defendant's non-appearance, failed to pursue an entry of default
19  and default judgment against it. (Doc. No. 29.)

20  As to Cal-Western Reconveyance Corp., Plaintiff filed proof of service on this
21  defendant, obtained a clerk entry of default for its non-appearance, but failed to pursue a
22  motion for default motion judgment against it. (Doc. Nos. 84, 99.)

23  **IV.   CONCLUSION**

24  Accordingly, because Plaintiff failed to appear at the noticed hearing or otherwise
25  explain the lack of prosecution as to New West Financial Co., Koerner-Magee Consulting
26  Engineers, Northwest Development Company, Cal Western Reconveyance Corp, Anthony
27  Carnevale for over four years, the Court **DISMISSES** them **WITH PREJUDICE** from
28  this action. *See* Fed. R. Civ. P. 41(b).

Lastly, because no defendants other than fictitious, unidentified, unserved defendants such as Does 1–10 remain, the Court finds dismissal of Does 1–10 with prejudice appropriate. *See Urias v. Quiroz*, No. CV 95-1932 H(BTM), 1995 WL 776704, at *2 (S.D. Cal. Oct. 27, 1995) ("Where appropriate, this court has the power to dismiss fictitious persons from a complaint *sua sponte*) (citing *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969)); *see also* Fed. R. Civ. P. 41(b). The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 13, 2023

Hon. Anthony J. Battaglia
United States District Judge